United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>James Nino,<br>Defendant. | )<br>)<br>)<br>)<br>) Criminal Case No. 88-00121-CR-Scola<br>)<br>)<br>) |

## Order Granting Motion for Sentence Reduction

This matter is before the Court on the Defendant James Nino's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 74.) Mr. Nino requests the Court reduce his sentence from 70 months to 57 months. (*Id.*)

Mr. Nino pleaded guilty to possession with intent to distribute a controlled substance. (ECF No. 73.) The Court sentenced Mr. Nino to 70 months. (*Id.*) Separately, Mr. Nino was indicted for escaping custody. *United States v. Nino*, No. 88-cr-00825, ECF No. 22. He pleaded guilty and was sentenced to 10 months on that charge.

After careful consideration of the motion, the record, and the legal authorities, the Court **grants** the motion and **reduces Mr. Nino's sentence** for possession with intent to distribute a controlled substance **to 63 months**. (**Mot., ECF No. 74**.) The sentence is to run consecutively with the ten-month sentence for the escape. *United States v. Nino*, No. 88-cr-00825. All other terms and conditions of Mr. Nino's sentence—including supervised release—remain in full force and effect.

### 1. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by*

> *the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 2. Analysis

Mr. Nino is entitled to a sentence reduction. The retroactive amendment that Mr. Nino invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of

  violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

*See id.*

  Here, an analysis of Mr. Nino's case reveals that he is eligible for a sentence reduction pursuant to Amendment 821. Mr. Nino qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Mr. Nino's sentence is consistent with the applicable policy statements.

  Specifically, a two-level reduction would decrease Mr. Nino's offense level from 28 to 26. Level 26 carries an advisory guideline range of 63 to 78 months. Pursuant to the relevant policy statement, the Court cannot reduce Mr. Nino's term of imprisonment below the minimum of the amended guideline range—i.e., below 63 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); s*ee also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Thus, as the Court initially imposed a sentence of 70 months on this charge, and the bottom of the amended guideline range is 63 months, the Court is able to reduce Mr. Nino's sentence to 63 months.

  Moreover, upon considering the § 3553(a) factors, the Court concludes that Mr. Nino is entitled to a reduction in his sentence.

### 3. Conclusion

  Accordingly, the Court **grants** the motion and **reduces Mr. Nino's sentence** for possession with intent to distribute a controlled substance **to 63 months**. (**Mot., ECF No. 74**.) The sentence is to run consecutively with the ten-month

sentence for the escape. *United States v. Nino*, No. 88-cr-00825. All other terms and conditions of Mr. Nino's sentence—including supervised release—remain in full force and effect.

**Done and ordered** at Miami, Florida on February 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge